

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00397-CV

**BETTY JANE GOSSETT,**

                                                            **Appellant**

 **v.**

**THE ESTATE OF DONA LEE STOVALL, DECEASED,**
**LISA JAMIESON AS PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF DONA LEE STOVALL, ET AL,**

                                                            **Appellees**

_____

### From the County Court at Law No. 2
### Johnson County, Texas
### Trial Court No. P200719377-A

_____

## O R D E R
_____

This appeal was referred to mediation by order dated February 26, 2015. The parties to the appeal were ordered to confer with each other and attempt to agree upon a mediator. Further, named parties were ordered to attend the mediation. Any objection to the order referring the appeal to mediation was to be filed within 10 days from the date of the order.

David Lee Smith filed an objection to the order referring the appeal to mediation. In that objection, he contends he is not a party to the appeal but was served with a copy of the order and suspects that the Court considers him to be a party to the appeal. Further, he argues that if the Court considers him to be a party, it would be a financial burden on him to travel from his residence in Denver, Colorado to a mediation in Cleburne, Texas.

At this time, the Court has no way of determining in this appeal who is or who is not a party to the appeal. Smith was provided a copy of the Court's order because Smith was listed as a party in appellant's docketing statement. *See* TEX. R. APP. P. 32(e). We note that the appellate rules require more information in the certificate of service than the rules of civil procedure. *Compare* TEX. R. APP. P. 9.5(e) to TEX. R. CIV. P. 21a(e). The Court has been lenient in enforcing the service requirements for certificates of service, including those in docketing statements, and because of that, we note that the docketing statement does not show specifically the parties served with that document. *See* TEX. R. APP. P. 9.5(e). Because of problems such as this, the Court may need to more strictly enforce the service requirements of docketing statements. *See* TEX. R. APP. P. 9.5(e).

Further, the trial court's order of severance does not clearly identify the parties to the judgment being appealed. The style used by the parties in the trial court proceeding was not changed due to the severance. It remains styled, *Betty Jane Gossett v. The Estate*

*of Dona Lee Stovall, Deceased, <u>et al</u>.* (Emphasis added). And because the Court does not yet have a clerk's record for this appeal which may include a pleading or order that would identify the parties in this severed proceeding, the Court has no way of knowing who is included in the "et al." in the style of this proceeding.

Accordingly, within 14 days from the date of this order, a response is requested from any person or entity served with the Court's order of referral to mediation which contends it is not a true "party" to this appeal. Simply stating that you are or are not a party will not suffice.

Further, appellant is ordered to amend its docketing statement within 14 days from the date of this order and properly note service, including the service address, of the amended docketing statement to each person required by the rules to be served, specifically each party to the judgment being appealed. TEX. R. APP. P. 9.5(e); *see also* TEX. R. CIV. P. 21a(e).

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Response requested
Amended docketing statement ordered
Order issued and filed March 19, 2015

